JOHN UNDERWOOD as Receiver, etc., Respondent, *v.* WILLIAM SUTCLIFFE, Impleaded, etc., Appellant.

A receiver, appointed in proceedings supplementary to execution, cannot maintain an action to enforce the trust created by the Revised Statutes (1 R. S., 728, § 52), in favor of the creditors of one paying the consideration for lands which are conveyed to another.

The judgment debtor has no interest, legal or equitable, in lands paid for by him but conveyed to another (§ 51), and the creditor derives no right through him; if a creditor at the time of the conveyance, he has simply an interest created by the statute as *cestui que trust;* the trust does not vest in the receiver, and he is not the representative of the creditor in respect to it.

*Underwood* v. *Sutcliffe* (10 Hun, 453), reversed.

(Argued March 24, 1879; decided April 15, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 10 Hun, 453.)

This action was brought by plaintiff, as receiver, appointed in proceedings supplementary to execution, issued upon a judgment in favor of one Ferris against defendant Henry C. Sutcliffe, to have said judgment declared a lien upon certain premises alleged to have been purchased and paid for by said judgment debtor, but conveyed by his directions and for the purpose of defrauding his creditors to his son, defendant William Sutcliffe. It was also alleged that said Henry C. caused a malt house to be erected upon said premises, which he paid for.

The facts found appear sufficiently in the opinion.

*E. H. Avery*, for appellant. Plaintiff had no authority to maintain this action. (*Voorhees* v. *Seymour*, 26 Barb., 570; *Conger* v. *Sands*, 19 How., 8; *Kingston Mut. Ins. Co.* v. *Clark*, 33 Barb., 199; *People* v. *Spraker*, 18 J. R., 394; *Union Bk.* v. *Clossey*, 10 id., 271; *Grant* v. *Smith*, 46 N. Y., 93; *People* v. *Schuyler*, 4 Comstk., 185; *Ball* v. *Goodenough*, 37 How., 479.) Plaintiff, as receiver, could not maintain this action to satisfy Ferris' demand. (*Conger* v. *Sands*, 19 How., 8, 11; *Campbell* v. *Gerot*, 2 Hilt., 290, 295; *Groff* v. *Bennett*, 37 How., 471; *Porter* v. *Williams*, 5 Seld., 142; 2 R. S., part 2, title 2, chap. 1, §§ 51–52; *Wood* v. *Robinson*, 22 N. Y., 566; *Campbell* v. *Genet*, 2 Hilt., 290; *Garfield* v. *Hatmaker*, 15 N. Y., 475; *Wood* v. *Robinson*, 22 id., 561; *Campbell* v. *Erie R. R. Co.*, 46 Barb., 549.)

*F. D. Wright*, for respondent. The receiver could maintain this action. (Laws of 1868, p. 506; Moak's Van Santford's Pleadings, 238–239; Thompson on Prov. Remedies, 524, 525; Riddle on Supp. Proceedings, 149, 150; *Bostwick* v. *Beizer*, 10 Abb., 197; *Porter* v. *Clark et al.*, 12 How., 107; *Porter* v. *Williams et al.*, 5 Seld., 142; *Gillett* v. *Moody*, 3 Comstk., 478; *Talmadge* v. *Tell et al.*, 3 Seld., 328; *Curtis et al.* v. *Leavitt*, 15 N. Y., 45; 5 Abbott's New Digest, 652, § 185; *Cumming, Recr.* v. *Egerton et al.*, 9 Bosw.

Supr. Ct., 684; Riddle on Supp. Proceedings, 148; Willard's Eq. Jur. [Potter's ed.], 337.)

ANDREWS, J. The judge at Special Term found that the consideration for the conveyance by Wetherby to the defendant William Sutcliffe in 1867, of the lot upon which the malt-house was subsequently erected, was paid by Henry C. Sutcliffe, the judgment debtor, and that the conveyance was taken in the name of his son, for the purpose of preventing and hindering Ferris, whose suit was then pending against Henry C. Sutcliffe, from collecting his demand. Ferris subsequently recovered a judgment in the suit, and issued an execution thereon, which was returned unsatisfied, and thereupon proceedings against the judgment debtor, supplementary to execution, were instituted, in which the plaintiff was appointed receiver. He then brought this action to have the judgment declared a lien on the lot conveyed by Wetherby, and also to charge the same, to the extent of the value of the malt-house erected thereon, with the payment of the judgment, alleging in his complaint the facts in respect to the conveyance, and also that the malt-house was paid for out of the moneys and proceeds of the business of the judgment debtor, and charging that the conveyance from Wetherby was taken in the name of the son, and the money of the judgment debtor was used in building the malt-house, with the design of hindering, delaying and defrauding the creditors of Henry C. Sutcliffe. The learned judge at Special Term, in addition to the finding to which we have referred in respect to the payment of the consideration for the lot by the judgment debtor, and the fraudulent purpose of the defendants in that transaction, also found that the defendants after the conveyance from Wetherby, erected a malt-house on the lot at a cost of at least $6,000, and that with the exception of $1,500, the expense was paid with the money of Henry C. Sutcliffe, or from the proceeds of his business, but there is no express finding of fraud in respect to this transaction, and so far as the findings show, the

advance may have been made under circumstances creating the relation of debtor and creditor between the parties. The judge as a conclusion of law, found, that the conveyance from Wetherby to William Sutcliffe was fraudulent and void as against Ferris, and made a decree declaring the judgment to be a lien on the lot and malt-house, and directing that execution issue to enforce the same.

The disposition of this appeal turns upon the question whether a receiver in supplementary proceedings can maintain an action to enforce the trust in favor of creditors, declared by the fifty-second section of the article of the Revised Statutes, relating to uses and trusts. The question was directly raised upon the trial, and although independently of the right given by this section, there may be ground for subjecting the land to a lien in favor of the judgment creditor, growing out of the application of the money of the debtor in making improvements, the findings are insufficient to justify upholding the judgment on that ground. The judgment of the Special Term proceeded on the ground that the receiver could enforce the statutory trust, and if this was error a new trial must be granted upon which it may be determined whether any other ground of recovery exists.

The facts found bring the case precisely within the fifty-first section of the statute referred to. The grant from Wetherby to William Sutcliffe was for a valuable consideration paid by the judgment debtor, and by the express terms of this section, the title vested in the alience subject to no use or trust in favor of Henry C. Sutcliffe, but subject only to the provisions of the fifty-second section. That section is as follows : " Every such conveyance shall be presumed fraudulent as against the creditors, at that time of the person paying the consideration, and when a fraudulent intent is not disproved, a trust shall result in favor of such creditors, to the extent that may be necessary to satisfy their just demands." Ferris the judgment creditor was within the protection of this section. He was a creditor

at the time of the conveyance to William Sutcliffe, and the fraudulent intent was not only not disproved, but is affirmatively found. The construction and effect of these sections of the statute, were considered by this court in *Garfield* v. *Hatmaker* (15 N. Y., 475), in which the question was whether a judgment debtor, who had paid the consideration of land conveyed to another had any interest which could be taken, and sold on execution, and it was held that by force of the fifty-first section, the resulting trust of the common law, in favor of a person paying the consideration of land conveyed to another was annihilated, and that the judgment debtor who had in that case paid the consideration, had no interest legal or equitable in the land, but that the title vested in the alienee, subject only to the trust, which the statute impressed in favor of creditors, a trust not resulting through the debtor to the creditors, but directly to the creditors, and to be enforced in equity, and it was consequently held that the judgment debtor, had no interest in the land. The question whether a receiver, supplementary to execution, can enforce this special statutory trust, does not seem to have been decided. But we are of opinion that he cannot. The plaintiff by the order appointing him, is made receiver of " the debts, property, equitable interests, rights and things in action, of the judgment debtor." He is vested by virtue of his appointment with the property of the judgment debtor against whom the proceedings are taken. In *Porter* v. *Williams*, (5 Seld., 142,) it was held that such a receiver might maintain an action to set aside transfers of the debtor's property made in fraud of creditors, and this right was afterwards confirmed by statute. (Laws of 1858, chap. 314.) Property of a debtor transferred by him in fraud of creditors, still remains as to them the property of the judgment debtor. If real estate, the lien of the judgment against the debtor attaches to it, and if chattels, they may be seized and sold on the execution. A receiver is regarded as the representative of the creditor in whose behalf he is appointed, for the purpose of maintaining an action to avoid fraudulent

tranfers by the debtor of his property. (*Bostwick* v. *Menck*, 40 N. Y., 383.) He may disaffirm his acts, and in doing so, he acts as the trustee for creditors. But we do not perceive upon what ground it can be maintained that the order appointing a receiver makes him the representative of the creditor, in respect to the trust created by the fifty-second section of the statute. The right conferred by the statute is not derived through the debtor. The debtor never had, nor could have any interest, legal or equitable in the property affected by the trust. The title vested by the conveyance, is not disturbed, but is charged with a trust in favor of particular creditors. The judgment in the proceedings under which the receiver is appointed, is not a lien at law or in equity upon the land. The creditor by virtue of his debt, if he was a creditor at the time of the conveyance, but not otherwise, has an interest, as *cestui que trust*, in the land under the statute, and the right to enforce this trust, does not, we think, pass to, or vest in a receiver in supplementary proceedings.

The remedy of the creditor is plain and adequate. He can proceed directly to enforce the trust as was done in the cases of *Wood* v. *Robinson*, (22 N. Y., 566), and *McCartney* v. *Bostwick*, (32 id., 59), after exhausting his legal remedies. (*Ocean Bank* v. *Olcott*, 46 N. Y., 12.)

The judgment should be reversed, and a new trial ordered.

All concur, except FOLGER, J., dissenting, on the ground that there was enough proof to sustain the charge of fraud in putting means of the judgment debtor upon the premises held in the name of appellant; MILLER, J., not voting.

Judgement reversed.