<hr />

## New York Marine Court.

### Special Term—September 22, 1881

### PHILLIPS against O'CONNOR.

**Receiver.—Priority of Lien, &c.**—Priority of lien in case where receiver is appointed in two separate actions pending in different courts.

The receiver herein was first appointed in supplementary proceedings instituted in the marine court. Subsequently another judgment creditor filed a bill in the supreme court to set aside a conveyance, made by the judgment debtor prior to the appointment of the receiver. Upon motion made in the supreme court, the same receiver was appointed in that action, and collected rents, &c., pending the litigation. The judgment creditor succeeded in the supreme court action, but in the meantime a mortgage had been foreclosed and the property sold, so that the receiver was only able to collect the rents aforesaid. The receiver filed his accounts, and the question was presented whether these rents were to go on the judgment in the judgment creditor's action in the supreme court, or upon the judgment in the marine court on which the receiver was first appointed.

McADAM, J.—The legal rights of the parties resulting from the setting aside of the fraudulent conveyance was to leave the various judgments against the fraudulent vendor liens upon the property according to their priority, in the same manner as if said conveyance had never been made (Chautauqua Co. Bank v. Risley, 19 *N. Y.* 369 ; Underhill v. Sutcliffe, 77 *N. Y.* 62 ; Rogers v. Duers, 23 *Hun*, 427).  The consequences are that the lien of the Phillips judgment is prior in point of time to that acquired by Wells, either by legal effect of the docket or by force of the equitable remedy which he invoked.  The receiver in his dual capacity represented these two equities, and although put in possession of the fruits of his receivership by the one last in point of time, their distribution must be governed by the maxim, *qui prior est tempore, portior est jure.*  So considered, the referee was right, and the exceptions to his report must be overruled.