Haight, J.
This action was brought to have a judgment obtained by one Ferris against Henry C. Sutcliffe, made a lien upon-certain real estate owned by William Sutcliffe, which it is claimed was improved and paid for by Henry Sutcliffe. The case as first tried resulted in a judgment in favor of the plaintiff, which was affirmed in the general term, (10 Hun., 453,) but was reversed in the court of appeals, (77 N. Y., 58) upon the ground that the action could not be maintained by the receiver to enforce the trust created by the Revised Statutes, in favor of creditors, of one paying the consideration for lands which are conveyed to another. The defendant, Henry C. Sutcliffe, having died, Horace T. Cook, as public administrator, was substituted in his place and the action revived, and such proceedings were affirmed by the general term of the late fourth department. 21 Hun., 357.
Upon the retrial the plaintiff sought to show that a malt house had been constructed upon the land owned by William Sutcliffe at an expense of about $6,000, and that the same was paid for by Henry C. Sutcliffe; and the plaintiff, as the receiver, etc., of Henry C. Sutcliffe, had the right to follow the money expended in the construction of the malt house and have the judgment against Henry C. Sutcliffe declared a lien upon the real estate to the extent of the money so expended in improving the same.
The trial court found as facts, that on the 21st day of January, 1867, and while the action brought by Ferris against líenry C. Sutcliffe was pending in the general term, a conveyance of the premises described in the complaint in this action, was executed and delivered by David Weatherby and wife to the defendant, William Sutcliffe for the consideration of $214; that at that time neither Henry 0. Sutcliffe, the judgment-debtor, nor William Sutcliffe believ.ed, or had reason to believe, that the claim of Ferris had any validity, but on the contrary, they both believed that the *469 claim, was not valid; that in the year 1868 the defendant, William Sutcliffe, erected a malt house on the premises at a cost of about $6,000; that prior to that time a malting business had been carried on in the name of Henry 0 Sut cliffe, but the same was managed by the defendant William Sutcliffe, and none of the capital thereof was furnished by Henry 0. Sutcliffe-; but the same was furnished by his wife out of moneys belonging to her separate estate; that William Sutcliffe, with the consent of both his father and mother, received to his own use the avails of the business; and paid out of the same the consideration for the conveyance together with the sum expended in the erection of the malt house, except such part thereof as was contributed by his mother; that Henry Sutcliffe owed no debts, except the claim of Ferris; that all of the acts of Henry 0. and William Sutcliffe were done in good faith without any intent to hinder, delay or defraud creditors; and, as a conclusion of law, the court found that the complaint should be dismissed on the merits.
It is contended on the part of the appellant that these findings are in conflict with the facts as found by the court upon the first trial, and approved by the general term, and that the judgment should now be reversed upon the ground that the findings are against the evidence. It is true that the findings of fact were the other way upon the first trial; and that the same was approved in the general term; but upon the last trial there was a conflict in the evidence, and the findings have been made upon such conflict, and whilst we might have been better satisfied if the findings had been the other way, still we are unable to say that they are so clearly against the weight of evidence as would justify this court in reversing the judgment. There is evidence which, if believed by the trial court, fully sustains the coti-' clusions reached by it.
It appears that Henry C. Sutcliffe had no outstanding claims except that of Ferris. The Ferris action had been tried in October, 1866, and resulted in a non-suit, so that the defendants, Henry 0. and William Sutcliffe had good ground for believing that the Ferris claim was invalid. That judgment was not reversed by the general term until December, 1868. William testified that he did not know that an appeal had been taken from the judgment of non-suit until the judgment was reversed, and that he supposed that the non-suit was the end„of it.
In the meantime, and on the 21st day of January, 1867, William Sutcliffe received from Weatherby the deed of the land in question for a consideration of $214. Weatherby testified that the purchase was made by Henry 0. Sutcliffe and paid for by him, whilst William testified that he made *470 the purchase and that he paid therefor; and he appears to he corroborated by a certificate of deposit issued by the National Bank of Auburn to William Sutcliffe for $200, dated November 6th, 1866, which was endorsed by William Sutcliffe and Weatherby January 21st, 1861, the date on which the deed was taken from the latter. It also appeared from the evidence that in 1868 William erected upon his premises a malt house at an expense of about $6,000; that he paid the government special tax, taking the certificate in his own name, and thereafter conducted the business in his own name; that prior to that time the business had been carried on in the name of his father, but that his father put no money into the business; that they commenced in 1860, on Clark street, in the city of Auburn, brewing beer in a small way in a wash boiler, and sold it at retail; that William had the charge and care of the receipts, paid the expenses of the household, and when his father collected money from sales, when he was out, the money was given to the mother; that she received several legacies from England amounting to several thousand dollars; that after they moved to Auburn they soon commenced brewing on a a larger scale. William purchased a kettle at a cost of twenty-five dollars, which would hold about two barrels, which they used to brew in, in place of the wash boiler; that he continued to take charge of the money and business, chiefly conducting the same; paid the household expenses; and, as he testified, took out four, five and six hundred dollars a year for himself for his services; that he received the money that was derived from the business with the consent of his father and mother; that his father never made any claim to it; that all the capital that went into the business, except from the sales, was found by his mother; that his father never put a dollar into the business; that his father never had any handling of the money further than to take it from sales made when William was away; and that the malt house, erected in 1868, was paid for by William. And to corroborate his testimony in this regard it appears that William drew from the bank upon the certificates of deposit issued to him during the months intervening between January and October, 1868, the time when the malt house was building, nearly $7,000, so that as we have stated, it will be seen that the evidence though conflicting sustains the finding of the trial court.
The court having found that William Sutcliffe received the avails of the business to his own use with the consent of both his father and mother, the conclusion of law found by the trial court is not in conflict with the facts found. The judgment should consequently be affirmed with costs.
Smith, P. J., Barker and Bradley, JJ., concur.