(20 Misc. Rep. 387.)

### FARMERS' LOAN & TRUST CO. v. BAKER et al.

(Supreme Court, Special Term, New York County. May, 1897.)

1. CHATTEL MORTGAGES—FAILURE TO FILE—RIGHTS OF CREDITORS.

　　Though a creditor, in order to take advantage of the failure to file or refile a chattel mortgage upon his debtor's property, must acquire a lien upon or interest in such property, by judgment and execution or otherwise, it is not the existence of such lien or interest which renders the mortgage void

as to him, but, the mortgage being nonexistent as against the creditor, he can assert an interest in the mortgaged property only as he could in any other property of the debtor.

2. SAME—CORPORATIONS—RECEIVERS—RIGHTS.

A receiver of a corporation, appointed in proceedings for its voluntary dissolution, being vested with the title to the property of the corporation, and representing the interests of creditors as well as stockholders, may take advantage of the failure to file or refile a chattel mortgage made by the corporation, and may assert its invalidity on that ground in the interest of creditors, though it is valid as between the corporation and the mortgagee.

3. SAME—POSSESSION OF MORTGAGED PROPERTY—SUFFICIENCY.

The holders of bonds of a corporation, secured by a chattel mortgage on the furniture of an hotel owned by it, appointed a committee to look into the affairs of the corporation. Subsequently the stockholders appointed one of this committee manager of the company. He took control of the business, and managed the hotel, buying supplies, and depositing and drawing money in the name of the company. *Held*, that these proceedings did not give the bondholders such possession of the mortgaged property as to dispense with the necessity for refiling the chattel mortgage.

Action by the Farmers' Loan & Trust Company, as trustee, against Josiah H. Baker, receiver of the Hotel Brunswick Company, and others. Judgment for defendant receiver.

David McClure, for plaintiff.
Ira Leo Bamberger, for defendant receiver.

BEEKMAN, J. The defendant the Hotel Brunswick Company, being desirous of securing an issue of bonds, made its chattel mortgage to the plaintiff, as trustee for the bondholders, whereby it mortgaged certain furniture and other chattels in use by it for the purposes of its business, which was that of carrying on an hotel in this city. It has become insolvent, and in voluntary proceedings for its dissolution, instituted under the statute, the defendant Josiah H. Baker has been appointed temporary receiver, with plenary power to carry on the business, and also with all of the powers of a permanent receiver, as far as the statute permits. This action has been instituted for the foreclosure of the mortgage, and the defendant receiver resists on the following grounds: First, that the requisite consent of the stockholders to the mortgage was not obtained and filed as required by law; second, that, as the mortgage was not refiled, as required by law, it is void under the statute as against creditors, and cannot, therefore, be enforced in this action. The first objection is disposed of, I think, by proof of the fact that the stockholders did consent in the manner required by law, and that such consent was filed in the proper office. The contention of the plaintiff is that the mortgage can be attacked on the ground of failure to refile it only by a judgment creditor, or one who has acquired some lien upon or interest in the property by a judicial process, and that the receiver does not come within that category; second, that the plaintiff, by reason of certain transactions, which will be referred to hereafter, was in actual possession of the mortgaged property prior to the time when it should have been refiled, that such possession continued until the appointment of the receiver, and that consequently the obligation to refile for the preserva-

tion of its lien did not exist under the statute. I will consider these in the order in which they are stated.

It is doubtless true that there must be some act done by which the creditor acquires a lien upon or interest in the mortgaged property, in order that he may realize the benefit of the statute which declares that such a mortgage shall be void as to him where the mortgagor remains in possession, and there has been a failure to file or to refile the mortgage. This necessity is usually expressed by the statement that he must obtain a judgment and issue execution in order to acquire a lien upon the property. It is, however, incorrect to assume that the mortgage is void as to him because he is a judgment creditor. It has been repeatedly declared by the court of appeals that the word "creditors," as used in the chattel mortgage act, applies to simple contract creditors, and that the word is used in its most comprehensive sense. Southard v. Benner, 72 N. Y. 424; Karst v. Gane, 136 N. Y. 316, 323, 32 N. E. 1073. The reason for the requirement is that, so far as the creditors are concerned, the mortgage is nonexistent. The property, under such circumstances, is not held upon any trust for their benefit, but is to be considered solely as the property of the mortgagor, free from the mortgage lien, and in the same situation as any other property owned by him, and therefore subject to appropriation by his creditors for the payment of their claims only through the use of such remedies as the law supplies for the appropriation of a debtor's property to the discharge of the claims of his creditors. Tremaine v. Mortimer, 128 N. Y. 1, 6, 27 N. E. 1060. The reason for the rule, therefore, does not make the recovery of judgment upon the claim indispensable if the property has been in some form legally appropriated for the discharge of their debts. It is contended that this has been done in the present case. A proceeding has been instituted, the object of which is to secure the application of the assets of the corporation, as far as may be, to the payment of its creditors. The appointment of the receiver was predicated upon an adjudication of insolvency by the court, and upon the appointment being made the title to all of the property of the corporation vested in him. His relation to it is a well-defined one. He is a trustee for the creditors as well as the stockholders. They are the beneficiaries of the trust thus created, and the assets are administered by the receiver, under the direction of the court, primarily for the benefit of the creditors, on equitable principles. It is also to be observed that the court, in thus assuming control over the property, has also undertaken to determine all controversies and all questions which may arise with respect to the appropriation of the insolvent estate in that proceeding; for in the order appointing the receiver the creditors are enjoined from commencing any actions, suits, or proceedings against the corporation, and from issuing any execution, process, or proceeding upon any judgments, or from interfering in any way with the property of the corporation, or from levying upon any such property without the express permission of the court. In that proceeding the claims of creditors may be judicially established, and satisfaction obtained, not by independent process, but through the act of the court in the proceeding exercising its equitable powers in the distribution of a fund which is

under its control, and which has been sequestrated by it for the benefit of all the creditors.

The property in question passed to the receiver upon his appointment, and, as the mortgage was valid as between the corporation and the plaintiff, it might well be claimed, if the receiver represented the corporation and its stockholders alone, that he could not attack it. But, as has been said, he stands in a similar trust relation towards the creditors, and is their representative as well, with the additional sanction that their interests are of primary consideration. It is well settled by authority that a receiver appointed by the court in proceedings supplementary to execution can maintain an action for the recovery of property on the ground of the invalidity of a chattel mortgage affecting it.   Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11.   It is claimed, however, that in such a case he is acting for, and is the representative of, a creditor who has reduced his claim to judgment, and who has, therefore, satisfied the conditions which are essential to enable him to take advantage of an omission to comply with the chattel mortgage act.   The right of a receiver to bring an action impeaching a transfer made by a debtor over whose property the receivership extends is to some extent dependent upon statute.   Laws 1858, c. 314.   It has been claimed, and apparently with some show of authority to support it, that only such transfers as are fraudulent in fact and in intent can be so impeached under the statute.   Later decisions, however, do not seem to bear out this contention.   Mandeville v. Avery, 124 N. Y. 376, 26 N. E. 951; Stephens v. Britannia Co., 13 App. Div. 268, 43 N. Y. Supp. 226; Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11.

In Stephens v. Britannia Co., supra, Mr. Justice Rumsey says (page 272, 13 App. Div., and page 229, 43 N. Y. Supp.):

"The statute says that any receiver of the property and effects of a corporation may, for the benefit of creditors, treat as void all acts done, transfers and agreements made, in fraud of the rights of any creditor interested in any property held by or of right belonging to the trustee. Laws 1858, c. 314, § 1. It also says that every person who shall, in fraud of the rights of creditors, have received, taken, or in any manner interfered with the property of any insolvent corporation, shall be liable to the receiver of such property for the same, or for the value of any property or effects so received or taken. Id. § 2. A mortgage which is void as against creditors for failure to file is fraudulent under this section, precisely as though it was made in fraud of creditors."

In Stephens v. Perrine, supra, in which the action was brought by a receiver appointed in proceedings supplementary to execution, the court says (page 483, 143 N. Y., and page 13, 39 N. E.):

"It has been decided by this court that such a receiver can maintain an action of this nature where the assignment or mortgage is void on the ground that it was executed for the purpose of defrauding creditors, and we think the same principle reaches the case where the mortgage is void because it was not filed, and there was no change of possession. Cases above cited. We see no distinction between the two cases, so far as this question is concerned. The mortgage, as already stated, is equally void in both cases, and a receiver in supplementary proceedings represents the creditors, or, in other words, is trustee for them, just as much when the mortgage is void on the ground of the failure to file it as when it is void because executed with a

fraudulent purpose. The case of Underwood v. Sutcliffe, 77 N. Y. 58, has, plainly, no bearing upon this point."

I can perceive no distinction founded on principle between the case of a receiver appointed in proceedings supplementary to execution in the interest of one creditor and a receiver appointed in a proceeding which seeks the appropriation of the debtor's property for the payment of all of his creditors. If, as we have seen, the former may institute an action for the recovery of property affected by a chattel mortgage which is void for lack of refiling under the statute, there seems to be no sound reason why similar action may not be taken by the latter.

In the case of Vail v. Hamilton, 20 Hun, 355, affirmed 85 N. Y. 453, the plaintiff, who had been appointed receiver of a corporation, instituted an action to set aside a mortgage which had been made by the corporation without the previous consent of two-thirds of the stockholders. He had been appointed such receiver in proceedings for the sequestration of the property of the corporation instituted under the Revised Statutes, and, therefore, whatever property might be recovered by him would be applicable to the payment of the claims of all of the creditors without preference. At page 357, the court says:

"Every illegal transfer of property to secure one creditor at the expense or to the detriment of another is in fraud of the rights of the latter. It is by reason of such consequences that conveyances and transfers of property in numberless instances are declared fraudulent. The receiver represents all the stockholders and creditors of the corporation, and it is as much his duty to set aside illegal and fraudulent transfers made by the company in fraud of some of its creditors to other of its creditors as when made in fraud of all its creditors to those who are not its creditors. We think the receiver had this power to bring this action at common law. Osgood v. Laytin, 48 Barb. 463. But, with the enabling provisions of the statute of 1858, we think there can be no doubt that the action was well brought."

It has never been held that no one but a judgment creditor, or a receiver representing such a creditor only, can avail himself of the nonfiling of a chattel mortgage, although here and there in the decisions statements are found which, standing by themselves, might seem to afford some basis for that conclusion. But in Sullivan v. Miller, 106 N. Y. 635, 13 N. E. 772, the rule is stated with greater precision, and clearly indicates that the condition which must exist is that the creditors must have acquired an interest in the property in some form, either by judgment and execution or through any other lawful instrumentality. At page 641, 106 N. Y., and page 774, 13 N. E., the court says:

"The general creditors of a mortgagor of chattels have no right to assail a mortgage or other conveyance of property made by him as invalid, until they have secured a lien thereon by levy under a judgment and execution, or by some other method acquired a legal or equitable interest in the property."

That the creditors of the insolvent corporation in this case have acquired an equitable interest in the property is, I think, a proposition which is beyond controversy. The receiver is their trustee, and the property has been impounded by the court for the payment and discharge of their claims. It cannot be diverted from that purpose, and their interest in it is such that at all times they have a standing in

court to question the administration of the insolvent estate by the receiver, and to ask the intervention of the court for the protection of their rights.

There is a line of cases holding that where the mortgagor has made a valid general assignment for the benefit of creditors, an individual creditor who had not previously acquired a lien upon the mortgaged property by judicial proceedings cannot, as against such assignee, secure the appropriation of the property to the payment of his debt on the ground that the chattel mortgage was void for non-filing or other imperfection. The reason for this is apparent. As has been already stated, the statute which declares the mortgage to be void as to creditors simply removes an obstacle in the way of the collection of the debt. The statute makes no special appropriation of the property to the payment of the debts, but with respect to creditors it is as if the mortgage never had been made, and the property affected by it must, therefore, be reached by the individual creditor in the same manner as any other property of the debtor. His inability to reach the mortgaged property, therefore, when such an assignment has been made, does not proceed from any special rule applicable to property so situated, but from the general principle that no part of the assigned estate can be reached at his suit after the assignment has become operative. The case of Tremaine v. Mortimer, 128 N. Y. 1, 27 N. E. 1060, may be cited as an example.

But these cases are not inconsistent with the claim of the receiver in this action. They simply hold that an individual creditor cannot assert a claim to the appropriation of the mortgaged property to the discharge of his individual debt as against the assignee who has by a valid assignment acquired title to the property before the individual creditor has, by the recovery of a judgment and the issuing of execution, acquired a lien thereon. They do not undertake to hold that the assignee, as trustee for the creditors, is not entitled, on their behalf, to assert a claim to the property as against the mortgagee. Indeed, in the case last above cited, the existence of some form of remedy of which the creditors might avail themselves in such a case is suggested. At page 9, 128 N. Y., and page 1062, 27 N. E., Judge Earl states that it is possible that the creditors might maintain some equitable action in such a case, even assuming that the contention on the part of the plaintiff there was true that the assignee could not impeach the title of the mortgagee because the mortgage was not refiled, for the reason that, by virtue of chapter 314 of the Laws of 1858, he could disaffirm and treat as void mortgages only when made in fraud of the rights of creditors; and that, as the only infirmity alleged against such mortgage was that it was not refiled, it might be that the assignee had no greater right to assail it than the mortgagor had. The doubt, however, as to the right of an assignee or receiver to attack a mortgage which is void for failure to comply with the statute was subsequently settled, as we have seen, in the case of Stephens v. Perrine, 143 N. Y. 476, 483, 39 N. E. 11. It will thus be seen that, so far as the mortgagee is concerned, the mortgage continues at all times to be void as against creditors, and that the cases referred to deal simply with the method by which the rights

of such creditors may be asserted. Where an individual creditor seeks by independent proceedings to appropriate the property to the payment of his claim, he must have acquired a lien by judicial process before an assignment or other legal appropriation for the benefit of creditors has been made. If he fails so to do, his right to challenge the mortgage is not lost, but passes to another, whether assignee or receiver, who is his representative, as well as that of all of the other creditors, and entitled on their behalf to assert and enforce a claim to the property despite the mortgage, which the statute declares is void as to them. Southard v. Benner, 72 N. Y. 424, 427. In short, all of these cases rest upon the necessary assumption that the mortgage is void, and deal only with the question of remedy.

The authorities relied upon by the learned counsel for the plaintiff are mainly cases where the individual creditor was seeking to appropriate the property for the satisfaction of his individual claim without having acquired a lien upon it. None of them warrants the conclusion that an assignee for the benefit of creditors or a receiver cannot avail himself of the right to contest such a mortgage, except possibly Van Heusen v. Radcliff, 17 N. Y. 580; but that case was decided in 1858, about two months after the passage of chapter 314, Laws 1858, and was evidently based upon the condition of the law prior to that enactment. The question is, however, now settled by the case of Stephens v. Perrine, supra.

A question similar to the one raised in this action arose in the case of Receiver v. Spielmann, 50 N. J. Eq. 120, 24 Atl. 571. There the receiver of an insolvent corporation brought an action for the purpose of obtaining a decree adjudging that a chattel mortgage was void as against the creditors of the corporation by reason of a failure to comply with the statute under which the mortgage was made, and the court held that the receiver of an insolvent corporation is the representative of its creditors, and, as such, might, by suit or defense, avoid any instrument which is void as against them; and that to successfully contest the validity of a chattel mortgage the receiver of such a corporation is not required to show that it is fraudulent as to creditors, but only such facts as, under the statute, render it void as against the creditors of the corporation. At page 126, 50 N. J. Eq., and page 573, 24 Atl., the court says:

"After the property of a debtor passes into the custody of the law pursuant to either statute, the right of his creditors to have·his property converted into money, and the money applied in discharge of his debts, is, in all essential respects, precisely the same as that of a 'judgment creditor after levy under execution. In both cases the law grasps the property in order that it may be applied, by legal methods, to the payment of its owner's debts. When it is seized by execution, the proceeds.of its sale can only be applied in discharge of a particular debt or debts; but when it is seized for the purposes of administration its proceeds must be distributed to all the creditors standing on the same plane who make proof of their debts. The lien, however, created by the seizure is just as perfect and effectual in the one case as it is in the other."

In the case of Doe v. Ball, 11 Mees. & W. 531, it is said that a deed which is void against creditors may be avoided by the assignee who represents creditors. In the case of Farmers' L. & T. Co. v. Minneapolis E. & M. Works, 35 Minn. 543, 29 N. W. 349, the plaintiff

brought an action for the foreclosure of a chattel mortgage made to secure an issue of bonds by the defendant corporation. The company subsequently became insolvent, and in sequestration proceedings instituted by its creditors a receiver was appointed. It appears that there was a failure to refile the mortgage, and that by force of the statute it was void as to creditors. The question was raised as to the right of the receiver to defend the action on that ground. Referring to the proceeding in which the receiver was appointed, the court says (page 546, 35 Minn., and page 350, 29 N. W.):

"The sequestration is in the nature of an attachment or execution on behalf of the creditors. Bankruptcy proceedings have been likened to an equitable attachment (In re Hinds, 3 N. B. R. 351, Fed. Cas. No. 6,516) in respect to their purpose and their effect on the debtors' property. Bankruptcy proceedings, when involuntary, are similar to the proceedings under consideration. The assignee in bankruptcy may avoid a chattel mortgage void as to creditors for want of filing. Bank of Leavenworth v. Hunt, 11 Wall. 391. He succeeds to the rights of creditors as well as of the bankrupt. Bump, Bankr. 503, and cases cited. A receiver in proceedings supplementary to execution also has the rights of the creditors at whose instance he was appointed, as well as of the debtor, and may avoid transfers void as to such creditors, though good as to the debtor. High, Rec. § 454, and cases cited. A receiver of an insolvent corporation has the same powers and functions as a receiver upon a creditors' bill, or upon proceedings supplementary to execution. Powers v. Paper Co., 60 Wis. 23, 18 N. W. 20. That he should have the power to enforce the rights which the creditors, but for the proceedings, might have enforced in their own behalf, seems reasonable. The pendency of the proceedings disables the creditors to go on, each in his own behalf, to enforce his claim by action, judgment, execution, and levy. So that, unless all the rights of the creditors can be enforced in this proceeding, unless their right to avoid transfers can be made available by means of it, then it is to some extent an obstruction rather than a remedy to them. It is evident that it was intended to facilitate, and not to hinder, a complete remedy; and this it will not do unless its scope is to apply to satisfaction of the creditors all the property of the corporation applicable to that purpose,—that is, all the property which, but for the proceedings, they could have so applied. For these reasons we decide that the receiver may avoid any transfers void as to creditors."

I think it is plain, therefore, both on reason and authority, that the defendant receiver has a clear right to impeach the mortgage in question, and that he may do so by way of defense in the action.

It now becomes necessary to consider whether the plaintiff, through the bondholders whom it represents, had such possession of the mortgaged property as to render a refiling of the mortgage under the statute unnecessary. It appears that some time prior to the institution of the proceedings for the dissolution of the corporation the bondholders held a meeting, and a committee was appointed to look into the affairs of the corporation, and to act in an advisory capacity. Subsequently a meeting of the stockholders was held, at which a resolution was passed appointing Mr. Merrill, one of the bondholders, and a member of the committee above referred to, the manager of the company. He accordingly proceeded to act in that capacity, and under that authority. He had general control of the business of the hotel. He purchased supplies for it, but always in the name of the Hotel Brunswick Company. The moneys that were received by him in the course of his management were deposited in the bank to the account of the Hotel Brunswick Company, and all checks that were drawn by

him were drawn against that account in the name of the Hotel Brunswick Company by him as agent. In fact, under the sanction of the officers of the corporation, he had general charge of the business. It is manifest, however, that he assumed to act only for the corporation, and in the exercise of powers and functions which appertained to the corporation. There was no declaration, nor was there any act, which unequivocally indicated that he had taken possession of the property as against the corporation and on behalf of the mortgagee. On the contrary, the evidence shows that the property continued to remain in the hotel, and in use for the purpose of its business, and under the control of the corporation. It cannot be questioned that if the trustees had at any time seen fit to do so they could have terminated Mr. Merrill's agency, and put some other person in his place. He acted in subordination to the officers of the corporation, and his possession, as far as it went, was at all times that of the corporation.

The nature of the possession of a mortgagee under a chattel mortgage which renders refiling of the mortgage unnecessary has been clearly defined by the courts. The statute requires that there must be an actual and continued change of possession under his mortgage. The courts have held that the language is to be construed according to the literal meaning of the words used. In Steele v. Benham, 84 N. Y. 634, the authorities are reviewed for the purpose of showing the insistence of the courts upon a literal construction of the statute. At page 638 the court says:

"To satisfy the statute the possession must be actual, not merely constructive or legal. In Topping v. Lynch, 2 Rob. (N. Y.) 484, it was said that the words 'actual and continued change of possession' in this statute 'mean an open public change of possession, which is to continue and be manifested continually by outward and visible signs, such as render it evident that the possession of the judgment debtor has ceased.' In Crandall v. Brown, 18 Hun, 461, it was said that 'constructive possession cannot be taken under a chattel mortgage,' that 'possession must be taken in fact,' and that 'possession cannot be taken by words and inspection.'"

I think it quite plain upon the facts that at no time was there any actual change of possession of the property in question from the corporation to the bondholders or the plaintiff mortgagee. The mortgaged property has been sold, and is now represented by a definite fund, the appropriation of which awaits the determination of this action. It follows that there must be judgment in favor of the defendant receiver dismissing the complaint, with costs to be paid out of the fund, and awarding the possession of said fund to him. I will hear the parties on the settlement of the decision with respect to any claim which the plaintiff may make for its costs and compensation.

Ordered accordingly.