## Case No. 6,516.

### In re HINDS et al.

[3 N. B. R. 351 (Quarto, 91).] [1]

District Court, N. D. New York. Oct. 29, 1869.

BANKRUPTCY—JUDGMENT — LIEN OF, ON REAL ESTATE— JOINT DEBTORS.

1. Creditors on a promissory note had judgment, docketed prior to proceedings in bankruptcy, against four bankrupts, as joint debtors, and sought to have it paid out of the proceeds of certain real estate in New York, purchased originally with partnership funds of J. A. and J. N. H., two of said joint debtors, and the legal title of which was in J. N. H., who, however, had not been served with process, nor appeared in said cause, and against whom there was no judgment on which his individual property could be sold. *Held*, said creditors had no valid lien at law on said real estate, nor had they a valid, equitable lien on the equitable interest of the partner J. A., by virtue of said judgment.

2. No lien is obtained on equitable interests by judgment and execution alone, and creditors took no proceedings to reach such equitable interest, or establish an equitable lien.

3. Proceedings in bankruptcy may be regarded as an equitable attachment, and the equitable interest vested in the assignee in bankruptcy for the benefit of all the creditors.

[In bankruptcy. In the matter of Joseph N. Hinds, Jacob Allen, Benjamin Allen, and Alvin B. Losee.]

HALL, District Judge. This is a petition asking that the amount due upon a judgment rendered against the four bankrupts, as joint debtors, in an action in which Joseph N. Hinds was not served with process, and in which he did not appear (so that there was no judgment upon which his individual property could be sold), be paid out of the proceeds of real estate, the legal title of which was in Joseph N. Hinds alone. The petition concedes that the judgment was not a legal lien upon the individual property of Joseph N. Hinds, and that it could not be sold thereon; but it alleges that the judgment was obtained upon a note given by the bankrupts in their firm-name of Hinds, Allen & Co., for the sole and only purpose of securing the payment of a note previously given by Joseph N. Hinds and Jacob Allen, under their firm-name of Hinds & Allen; that for a long time prior to 1867 (the petition on which the bankruptcy of Hinds, Allen & Co. was ad-

judged, was filed against them on the 23d of December, 1868), the said Joseph N. Hinds and Jacob Allen had carried on business under the firm-name of Hinds & Allen, and had, with the assets of that firm, purchased for the use and benefit of the firm, the real estate above referred to; that said real property was owned and occupied by the firm on the day, and long after the day, on which the said judgment was docketed; that the two firms aforesaid existed up to the time the original petition was filed in this case, and that such real estate has been sold by the order of this court, free from encumbrances. The order of sale reserved to the owners of such judgment the right to apply for payment thereof, out of the proceeds of the sale; and it is claimed that the petitioner is therefore entitled to the relief sought.

The judgment referred to was docketed, so as to become a lien on real estate, October 22, 1868; but the petition does not show at what time the debt, on which such judgment was given, was contracted, or at what time the real estate referred to was conveyed to Joseph N. Hinds, for the use and benefit of Hinds & Allen; or that the execution issued on the judgment had been returned unsatisfied in whole or in part. The affidavit of Joseph N. Hinds denies that the judgment referred to was recovered on account of a debt which was originally the debt of Hinds & Allen, and states that such debt was, from its origin, a debt against Hinds, Allen & Co., arising out of a purchase made by that firm in October, 1867; and in this he is fully corroborated by the testimony of the bookkeeper of these two firms. On these papers it is certainly most reasonable to conclude, that the real estate referred to was purchased subsequent to 1830, and a considerable time before the debt on which the judgment owned by the petitioner, who seeks its payment, was contracted.

The mere payment of one-half of the purchase-money of this real estate by Allen, at the time it was conveyed to Hinds, can give to the judgment-creditor no right to the same, by reason of his holding a judgment which binds the property of Allen alone: the provisions of the Revised Statutes of 1830 (which are still in force), contained in sections 51 and 52 of the article "Of Uses and Trusts," modified the previously existing law; and they are clearly inconsistent with the existence of any such right. These sections are as follows:

Sec. 51. "When a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section."

Sec. 52. "Every such conveyance shall be presumed fraudulent, as against the credit-

ors, at that time, of the person paying the consideration; and where a fraudulent intent is not disproved, a trust shall result in favor of such creditors to the extent that may be necessary to satisfy their just demands."

Under these sections no trust can result to the creditors of Jacob Allen, unless they were such at the time the conveyance was made to Joseph N. Hinds. Garfield v. Hatmaker, 15 N. Y. 475; Brewster v. Power, 10 Paige, 562. And except as against such then existing creditors, the whole estate vested in Joseph N. Hinds, discharged of any trust in favor of Allen or his creditors, except that growing out of their relations as partners, and the fact that the property was purchased and paid for by the firm, and was in equity copartnership property. But, assuming that Jacob Allen, as the partner of Hinds, had an equitable interest in this property, it is proper to inquire whether the judgment and execution against Jacob Allen, as one of the partners served with process, entitles the petitioner to any payment upon his judgment out of the proceeds of the real estate thus held by Joseph N. Hinds, on the ground that Jacob Allen had an equitable interest therein, which was in equity bound by such judgment and execution.

Prior to 1830, and under the express provisions of the statute of uses (1 Rev. Laws, 74, § 4), an equitable estate or interest in lands by reason of their being seized or possessed to the use of, or in trust for, the execution debtor, was the subject of sale by execution at law, provided, the judgment-debtor had the entire equitable interest (Lynch v. Utica Ins. Co., 18 Wend. 236); but the general rule was and is, that a mere equitable interest cannot be reached by an execution at law (Hendricks v. Robinson, 2 Johns. Ch. 283, 312; Jackson v. Chapin, 5 Cow. 485; Lynch v. Utica Ins. Co., 18 Wend. 249); and neither our Revised Statutes nor the Code provide for the sale of such equitable interests upon execution. It may therefore be safely assumed, that the interest of Jacob Allen in the lands purchased by and for the copartnership of Hinds & Allen, and the legal title of which was in Joseph N. Hinds only, was an equitable interest not bound by the judgment and execution against the property of Jacob Allen, and that the aid of a court of equity would be required to obtain satisfaction out of such equitable interest, of a judgment against Hinds & Allen, in a case where Hinds was not served with process and did not appear in the suit; and in a court of equity the proceeds of the sale of this property would not be applied to the payment of the judgment on which this petition is based, until all the debts of Hinds & Allen were fully paid.

There is, then, an insuperable objection to the granting of the prayers of this petition. The proof shows that the real estate sold, was in equity the property of the firm of Hinds & Allen, and that the judgment owned by the petitioner was obtained upon a debt of Hinds, Allen & Co., an entirely different firm. Under the general rule in regard to the distribution of copartnership and individual assets, which prevails in courts of equity, and which has been expressly adopted by the 36th section of the bankrupt act [of 1867 (14 Stat. 534)], the proceeds of the sale of the real estate referred to must be applied to the payment of the debts of Hinds & Allen, in preference to those of Hinds, Allen & Co., and no part of such proceeds can be applied to the payment of the debts of the latter firm, until the debts of Hinds & Allen are fully paid.

Even if the debt on which the judgment was given, was, when originally contracted, a debt of Hinds & Allen, as alleged in the petition (but which is disproved), the taking of the note of Hinds, Allen & Co., for that debt, and the obtaining of a judgment thereon, would clearly extinguish the debt against Hinds & Allen, and make it the proper debt of Hinds, Allen & Co. But it was insisted upon a prior application in respect to this judgment, that by the recovery and docket of the judgment against Hinds, Allen & Co., the judgment-debtor obtained an equitable lien against the real estate of Joseph N. Hinds, although his property could not be sold on the execution issued on such judgment.

The provisions of the Revised Statutes and of the Code which declare the effect of such a judgment necessarily repel such a claim. Purdy v. Doyle, 1 Paige, 558; Oakley v. Aspinwall, 4 Comst. [4 N. Y.] 514; D'Arcey v. Ketchum, 11 How. [52 U. S.] 174. These cases show that the judgment is not even evidence of indebtedness as against Joseph N. Hinds, and a fortiori it is no lien in equity, any more than at law, upon the separate property of Hinds.

But independent of the grounds already considered, it is quite certain that the prayer of the petition should be denied. It is, I think, well settled in this state that a judgment creditor obtains no lien in equity upon choses in action or equitable interests in real or personal property, by the return of his execution unsatisfied, but only by the filing of his bill in equity, or the taking of other legal proceedings to reach such choses in action, or equitable interests. Edmeston v. Lyde, 1 Paige, 637; Corning v. White, 2 Paige, 567. The proceedings in bankruptcy commenced by one or more of the creditors of the bankrupt, for the benefit of all, are in the nature of an equitable attachment as against the equitable estate of the bankrupt; and the assignee, as the representative of all the creditors of the bankrupt, and whose title relates back to the date of the filing of the petition, thereby becomes the owner of such equitable interest, with an equity superior even to a judgment creditor who has an execution returned unsatisfied, but who had obtained no equitable lien by filing a creditor's bill or tak-

ing other proceedings to reach such equitable estate. The commencement of the proceedings in bankruptcy may well be regarded as an equitable attachment; and as it is a cherished rule of courts of chancery that "equality among creditors is equity," such courts would give effect to such equitable attachment and preserve the rights thus acquired for the benefit of all the creditors of the bankrupt, even if the legal title of the assignee did not relate back to the filing of the petition. But if no lien had been acquired prior to the filing of the petition, none could be afterwards acquired by the judgment creditors, as the legal title of all the property of the bankrupt vests in the assignee by relation, under the express provisions of the bankrupt act, at the time the creditor's petition is filed against the bankrupt.

Besides the petition does not show that the execution issued on the judgment mentioned in the petition had been returned unsatisfied, and the general rule is that no lien is obtained on equitable interests or choses in action by judgment and execution alone, even where it is held that such lien exists after the return of an execution unsatisfied, on the ground that such return shows that the creditor has exhausted his remedy at law, and is therefore entitled to proceed in equity. The prayer of the petition is denied with costs.