HARGADINE-McKITTRICK DRY GOODS CO. v. HUDSON et al.

(Circuit Court of Appeals, Eighth Circuit. March 23, 1903.)

No. 1,761.

1. BANKRUPTCY—CLAIM—DISALLOWANCE—RES JUDICATA.
    Where a creditor of a bankrupt voluntarily filed its claim against the bankrupt's estate and submitted to the jurisdiction of the court administering such estate, which disallowed the claim, such disallowance, unappealed from, was res judicata, and a bar to a subsequent suit against the bankrupt on the same cause of action in another jurisdiction.

2. SAME—LIMITATION—WHAT LAW GOVERNS.
    Where a judgment creditor filed a judgment as a claim against the debtor's estate in bankruptcy, which was being administered in the state of the bankrupt's residence, whether such claim was barred by limitation was to be determined by the laws of the state where the bankruptcy proceedings were pending.

3. SAME—DEBTS BARRED BY LIMITATIONS.
    Where the claim of a creditor of a bankrupt was provable against his estate, but was subject to be disallowed by a plea of limitations, and was so disallowed, it was not a nonprovable debt within the bankrupt act, so as not to be affected by the bankrupt's discharge.

4. SAME—FRAUDULENT DEBTS.
    Where a judgment filed as a claim against a bankrupt's estate was rendered on notes, and no suggestion that the debt was fraudulent was made in the action, or until after the disallowance of the judgment as a claim against the bankrupt's estate, more than 11 years after the giving of the notes and 10 years after the rendition of the judgment,

¶ 2. See Limitation of Actions, vol. 33, Cent. Dig. §§ 4, 5.

the judgment was not a judgment in an action for fraud, within Bankr. Act, § 17a, cl. 2 (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), providing that a discharge shall release the bankrupt "from all of his provable debts except * * * judgments in actions for frauds."

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

On the 31st day of December, 1901, the Hargadine-McKittrick Dry Goods Company, plaintiff in error, brought this action at law against John Robert Hudson, the defendant in error, founded on the record of a judgment recovered by the plaintiff against the defendant in the district court of Burnett county, Tex., on the 10th day of April, 1891, for the sum of $10,939.92. The defendant answered, admitting the recovery of the judgment, and setting up these defenses: (1) That, being a resident and citizen of the state of Colorado, he was on the 29th day of January, 1900, duly adjudged a bankrupt by the United States District Court for the District of Colorado, and that on the 17th day of April, 1900, he was duly discharged as a bankrupt by the order of that court from the payment of all debts provable against his estate on the 26th day of January, 1900; (2) that the plaintiff, prior to the 11th day of August, 1900, appeared before the referee in bankruptcy having charge of the defendant's estate in bankruptcy, and filed for allowance against the defendant's estate a claim founded on the identical judgment sued on in this action, which claim was, upon due hearing and consideration, disallowed by the referee, and that the plaintiff filed a petition for a review of the order and judgment of the referee by the United States District Court for the District of Colorado, whereupon the referee, on the petition of the plaintiff, duly certified the claim and his ruling thereon to the District Court for review, and upon full hearing and consideration that court, on the 25th day of February, 1901, confirmed the ruling of the referee and entered judgment disallowing the plaintiff's claim based on the judgment. The plaintiff's replication admits that it filed for allowance against the estate of the bankrupt its claim, based on the judgment in suit, and that the same was disallowed by the referee, and upon review was also disallowed by the District Court; but it alleges the ruling of the referee in the cause, and the judgment of the District Court affirming the referee's ruling, proceeded upon the ground that the plaintiff's cause of action on the judgment was barred by the statute of limitations of the state of Colorado, and avers that it was not barred by the statute of limitations of the state of Texas, wherein the judgment was rendered, or of the state of Missouri. The replication further set up that the debt which was the foundation of the judgment sued on was created by fraud. On motion of the defendant the portions of the replication which we have epitomized were stricken out; the "motion to strike" seemingly performing the office of a demurrer. By agreement of the parties a jury was waived, and the cause tried before the court, which made a general finding in favor of the defendant and rendered judgment (C. C.; 111 Fed. 361), accordingly, and the plaintiff sued out this writ of error.

Charles Claflin Allen (J. D. Johnson and Eben Richards, on the brief), for plaintiff in error.

Lester McLean (W. Scott Bicksler, Edmon G. Bennett, and John F. Lee, on the brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The plaintiff having voluntarily gone into the bankrupt court, and submitted itself to the jurisdiction of that court, and filed its claim

against the bankrupt's estate founded on the judgment here in suit, and that court having disallowed the claim and entered judgment accordingly, and that judgment remaining in full force and virtue, constitutes a complete bar to this action. It is not material upon what ground that court rested its judgment. It unquestionably had jurisdiction of the parties and the subject-matter, and, if either party conceived its judgment was for any reason erroneous, the remedy was by appeal, and not by a suit on the same cause of action in another jurisdiction against the bankrupt.

But if, as is claimed by the plaintiff in error, the United States District Court for the District of Colorado disallowed the claim upon the ground that it was barred by the statute of limitations of that state, that court committed no error in so doing. The bankrupt was a resident and citizen of the state of Colorado. If he had been sued on the record of the judgment here in suit before he was adjudged a bankrupt, either in the state or United States court in Colorado, he could have successfully interposed the statute of limitations of that state as a defense to the action. And when he was adjudged a bankrupt, and the plaintiff filed its claim before the referee, it was open to that officer in like manner to interpose the statute of limitations of the state of Colorado as a defense to the claim. There is no support in reason or authority for the contention that no debt barred by the statute of limitations of the state where the bankruptcy proceeding is pending is provable in bankruptcy, or discharged by a discharge in bankruptcy, if by the laws of any other state the debt would not be barred. For the purposes of the administration and settlement of the bankrupt's estate, and determining its liabilities, the statute of limitations of the state where the bankrupt proceedings are pending is applicable, and is the statute of limitations by which the rights of creditors must be determined.

It comes to this: Can the trustee in bankruptcy plead the statute of limitations to a claim against the bankrupt's estate that was barred by the law of the state of the bankrupt's residence before he was adjudged a bankrupt? It is clear the trustee cannot plead the statute of limitations of any other state, and, if he cannot plead the statute of the state in which the debtor resided and was adjudged a bankrupt, then there is no bar to claims against a bankrupt's estate. The statute of limitations of the state of the bankrupt's residence, and in which he was adjudged a bankrupt, like the exemption laws of the state, governs and determines the rights of creditors in the administration of the bankrupt's estate. So far forth as relates to the statute of limitations, the rights of a creditor of the bankrupt are not in any manner changed or abridged by allowing the trustee in bankruptcy to plead in bar of the creditor's claim the very same statute of limitations that the bankrupt himself could have successfully pleaded, if an action on the claim had been brought against him before he was adjudged a bankrupt.

The judgment of the District Court against the plaintiff on the plea of the statute of limitations is as effectual for all purposes as if it had been rendered on a plea of payment. The plaintiff's claim was barred before the adjudication in bankruptcy, and we have no

occasion, therefore, to inquire whether the statute would continue to run after the adjudication and the appointment of the trustee. Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788, 30 L. Ed. 864; McDonald v. State of Nebraska, 41 C. C. A. 278, 101 Fed. 171.

But it is contended that the debts of the bankrupt, barred by the statute of limitations of the state in which he was adjudged a bankrupt, are not provable debts, and are not, therefore, affected by the bankrupt's discharge. This is rather a startling proposition. We are not surprised that no authorities are cited to support it. If this were the law, it would result in this curious anomaly: that, while all recent and live debts of the bankrupt would be discharged, no outlawed debts would be discharged, because they could not have been successfully proved if the trustee had chosen to plead the statute of limitations. This would be giving to stale and outlawed claims a preference over live debts, and would leave the creditors free to sue and recover on these outlawed claims in any jurisdiction where the bankrupt could not for any reason successfully plead the statute of limitations, which is precisely what the plaintiff is seeking to do in this case.

Debts are not the less provable, within the meaning of the bankrupt act, because the statute of limitations may be successfully pleaded against their allowance. As well say that a debt was not suable because the statute of limitations might be pleaded to an action upon it. The plaintiff's judgment was a provable debt, and the fact that a recovery upon it might be defeated by the plea of payment, or a plea of the statute of limitations, or any other plea in bar, did not take it out of the class of provable debts. The term "provable debts" does not mean only such debts as are valid, and against the allowance of which no defense can be successfully interposed.

A discharge in bankruptcy, that discharges the debts of the bankrupt in one state, discharges them in all the states. The Constitution of the United States empowers Congress to establish "uniform laws on the subject of bankruptcies throughout the United States." The very purpose of a national bankrupt act is to give force and effect to the proceedings in bankruptcy, including the bankrupt's discharge, "throughout the United States." Its efficacy is not dependent on the varying statute of limitations of the several states.

The allegation in the replication that the debt which was the foundation of the judgment sued on was created by fraud is unavailing. Whether, after suing and recovering judgment on its promissory notes, and afterwards suing the bankrupt's estate in the bankrupt court on the record of that judgment, and afterwards bringing this action on the same record, it is now open to the plaintiff to say the original debt was created by fraud, we do not stop to consider. The provision of the present bankrupt law applicable to the point now under consideration is as follows:

"Sec. 17a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts except * * * (2) judgments in actions for frauds. * * *" Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428].

By this provision it is only "judgments in actions for frauds" that are excepted from the operation of a discharge. The judgment here

sued on was rendered on promissory notes, and no suggestion of fraud was ever made or heard of until the filing of the replication in this case, more than 11 years after the giving of the notes, and more than 10 years after the rendition of the judgment thereon.

Decisions construing the bankrupt act of 1867 (Act March 2, 1867, c. 176; 14 Stat. 517) have no application to the present act on this subject. The language of that act was: "No debt created by fraud. * * *" This act left the question of fraud in the creation of the debt open to inquiry after the bankrupt obtained his discharge, and proved to be a fruitful source of bitter and protracted litigation. In the light of that experience Congress has limited the exception to "judgments in actions for frauds." This language leaves no room for construction. It is as plain as the English language can make it.

The judgment of the Circuit Court is affirmed.