In re GEORGE ZORN & CO.

(District Court, E. D. Pennsylvania. January 30, 1912.)

No. 3,826.

1. LIMITATION OF ACTIONS (§ 173*)—OPERATION OF BAR—PERSONAL NATURE OF DEFENSE.

Under the general rule that the right to plead limitations is personal to the debtor, one creditor cannot ordinarily compel the debtor to urge such defense against another creditor.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 658; Dec. Dig. § 173.*]

2. LIMITATION OF ACTIONS (§ 173*)—OPERATION OF BAR—PERSONAL NATURE OF DEFENSE.

The privilege of a bankrupt to plead limitations passes to his trustee, and the bankrupt cannot waive his right to plead limitations after the filing of a petition in bankruptcy against him and before adjudication, by acknowledging his obligation in writing to the creditor.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 173.*]

In the matter of bankruptcy proceedings of George Zorn & Co. On certificate of a referee rejecting part of the claim of Lydia Pfatteicher. Affirmed.

J. Howard Reber, for trustee.
Sidney E. Smith, for claimant.

J. B. McPHERSON, District Judge. This certificate presents a question apparently new. The petition was filed on August 11, 1910, and the adjudication was entered on September 16th. The bankrupt was then in debt to the claimant, and had been since early in 1902. On September 14th, two days before the adjudication, he acknowledged his obligation in writing and waived the Pennsylvania statute of limitations. No decided case discloses a situation precisely like this, and the question must be determined upon principle.

[1] As a general rule it is undoubted that no person except the debtor himself may set up the bar of the statute. This proposition is conceded and needs no support from citation. Ordinarily, also, one creditor cannot compel the debtor to make this defense against another creditor; and it follows that, although a debt may be more than six years old, the creditor may nevertheless recover, unless the debtor himself takes refuge behind the statute. [2] But the rule has exceptions. When the debtor is put into bankruptcy—I do not speak of assignments for the benefit of creditors—a different situation supervenes. His property is then taken out of his hands, to be administered by a court in the interest of all his creditors. His consent is not asked, and, as soon as the bankruptcy court lays hold upon what he has just owned, he loses the power to control or affect it. He and all other persons are forbidden to interfere with it, and the court proceeds to distribute the proceeds among such persons as are entitled to share therein. Among other valuable rights, his privilege of pleading the statute passes to the creditors, and it is now well set-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tled that the trustee may plead it. 1 Remington, 462; Collier (8th Ed.) 722; Hargadine Co. v. Hudson, 122 Fed. 234, 58 C. C. A. 596. If this is true, it would be incongruous to allow the bankrupt to destroy the privilege by executing a waiver. Moreover, speaking generally, the status of the creditors is fixed by the filing of the petition, if an adjudication follows (Pratt v. Bothe, 130 Fed. 673, 65 C. C. A. 48), and if creditors themselves may not modify their own standing thereafter, it would be an anomaly to permit the bankrupt to modify it. In a word, it seems clear that, when the District Court undertakes to administer a bankrupt's estate, it takes for his creditors all that he has to give not exempted by law, and disposes of it for the creditors' benefit without reference to his wishes.

The order disallowing a part of the claim is affirmed.