# Elmore, Quillian & Co. v. Henderson-M. Merc. Co.

### *Assumpsit.*

(Decided November 21, 1912. Rehearing denied January 23, 1913. 60 South. 820.)

*Corporations; Ultra Vires; Res Judicata; Bankruptcy.*—Where an action was brought to enforce a contract and the plea interposed was that the contract was ultra vires the corporation, such plea is fully answered by a replication setting up a decree in bankruptcy allowing a claim on the contract, as such a decree is binding on both the creditor and the bankrupt.

Sayre, J., dissents.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by Elmore, Quillian & Company against the Henderson-Mizell Mercantile Company. Judgment for defendant and plaintiff appeals. Reversed and remanded.

[Elmore, Quillian & Co. v. Henderson-M. Merc. Co.]

C. D. CARMICHAEL and TYSON, WILSON & MARTIN, for appellant. The replication filed to the plea of ultra vires was entirely sufficient as an answer and the proceedings in the bankrupt court allowing plaintiff's claim was conclusive.—*McDougal v. Rutherford,* 30 Ala. 253; *Clendenning v. First National Bank,* 11 Amer. Bk. Rep. 245; 110 Fed. 143; 99 Fed. 695; 169 Fed. 672; 77 Ga. 289.

W. O. MULKEY, for appellee. The contract was ultra vires the corporation.—*Gulf Yellow Pine Co. v. Chapman,* 159 Ala. 444; *Chewackla Lime Works v. Dismukes,* 87 Ala. 344; 10 Cyc. 1096; 122 N. Y. 135. This being true any ruling would be without injury to appellant and the judgment should be affirmed.—136 Ala. 610; 137 Ala. 601.

MAYFIELD, J.—Appellee, a mercantile corporation, contracted to sell to appellants, a partnership engaged in buying and selling cotton, 300 bales of cotton, to be delivered in the future. There is no contention that the contracts were gambling contracts, or those dealing in futures only, in which delivery was not contemplated; in other words, it is not contended that these engagements were void as gambling contracts, nor that they were void under section 3349 of the Code of 1907. Appellee failed to perform, and appellants brought this suit to recover damages for the breach of the three contracts in question, each to sell and deliver 100 bales of cotton.

One defense insisted upon, and one upon which the defendant seems to have prevailed in the lower court, is that the contract was ultra vires the powers of the corporation. The defendant set up this defense by two special pleas, numbered 6 and 7. The trial court over-

ruled a demurrer to each plea, and this ruling is the first assignment of error insisted upon by appellants.

It is unnecessary to decide whether these pleas were good or bad. The replication of res judicata filed thereto was a complete and conclusive answer to these pleas, and shows by matter of record that the question attempted to be raised by the pleas had been finally determined and adjudicated between these parties or their privies in right. This replication, in effect, alleged that, after suit brought, the defendant had been adjudicated a bankrupt, and that the claim sued on was filed in the bankrupt court as a claim against the bankrupt estate; that the trustee in bankruptcy, at the suggestion and request of this defendant, filed objections against the allowance of plaintiff's demand; that the case was set down for hearing in the bankrupt court, on a contest of the claim, at which hearing all the parties interested, including the defendant, appeared and contested, and, after a full hearing, the claim was allowed by the bankrupt court, and that the judgment or decree of allowance stands unreversed. A copy of the proceedings in the bankrupt court, properly certified, is made an exhibit to the replication. This replication presented a complete answer to any defense attempted to be set up in the pleas; and the court erred in sustaining a demurrer thereto.

The case of *McDougald's Adm'r v. Rutherford*, 30 Ala. 253, is in point. In that case, after suit brought, the estate of the defendant's intestate was declared insolvent by the probate court, and the plaintiff filed his claim sued upon in that court, and objection to its allowance was filed. An issue was there made up and a trial was had, and the claim disallowed. This was set up as a defense to the pending suit in the circuit court, and this court held that the judgment of disallowance

in the probate court was conclusive of the plaintiff's
right to recover in the circuit court. This court in that
case said: "The circuit court having first obtained ju-
risdiction of the cause, the plaintiff, by interposing in
a proper manner the pendency of suit in that court,
might have defeated the proceedings to test his claim
in the probate court. But the probate court unques-
tionably had jurisdiction of the subject-matter. The
plaintiff had the right to file his claim in that court, and
prosecute it to a judgment if he could. If, in a court
of competent jurisdiction, he has proceeded to prosecute
his claim to a final decision on the merits, without in-
terposing the prior pendency of the other suit, he must
be bound by the judgment; otherwise, he might make
the proceedings in the probate court a mere experiment.
Under a different decision, the conclusiveness of the
judgments of courts having jurisdiction over the sub-
ject-matter and the parties would not be vindicated."
This is applicable to the case in hand. The fact that
the proceeding was in the probate court in one case
and in the bankrupt court in the other case, makes no
difference. Both courts had jurisdiction of the parties
and of the subject-matter, and both proceedings were
to dispose of the estates, and claims against the estates,
of insolvents. The fact that one is a state court and
the other a federal court makes no difference as to the
conclusiveness of the judgment.

The doctrine of and rules of pleading as to res judi-
cata and estoppel by judgment are probably nowhere
better stated than in the case of *Cromwell v. County of
Sac*, 94 U. S. 351-271 (24 L. Ed. 195). The members
of the court differed as to the effect of the doctrine and
rules upon that particular appeal, and hence the sub-
jects are thoroughly and ably treated, and the authori-
ties reviewed and quoted at length. Justice Field, for

the majority, stated the rules and doctrine as follows:
"There is a difference between the effect of a judgment
as a bar or estoppel against the prosecution of a second
action upon the same claim or demand, and its effect
as an estoppel in another action between the same par-
ties upon a different claim or cause of action. In the
former case, the judgment, if rendered upon the merits,
constitutes an absolute bar to a subsequent action. It
is a finality as to the claim or demand in controversy;
concluding parties and those in privity with them, not
only as to every matter which was offered and receiv-
ed to sustain or defeat the claim or demand, but as to
any other admissible matter which might have been of-
fered for that purpose. Thus, for example, a judgment
rendered upon a promissory note is conclusive as to the
validity of the instrument and the amount due upon it,
although it be subsequently alleged that perfect de-
fenses actually existed, of which no proof was offered,
such as forgery, want of consideration, or payment. If
such defenses were not presented in the action, and es-
tablished by competent evidence, the subsequent alle-
gation of their existence is of no legal consequence.
The judgment is as conclusive, so far as future proceed-
ings at law are concerned, as though the defenses never
existed. The language, therefore, which is so often
used, that a judgment estops, not only as to every
ground of recovery or defense actually presented in the
action but also as to every ground which might have
been presented, is strictly accurate, when applied to
the demand or claim in controversy. Such demand or
claim, having passed into judgment, cannot again be
brought into litigation between the parties in proceed-
ings at law upon any ground whatever. But, where the
second action between the same parties is upon a dif-
ferent claim or demand, the judgment in the prior ac-

tion operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

This difference in the operation of a judgment in the two classes of cases mentioned is seen through all the leading adjudications upon the doctrine of estoppel. Thus in the case of *Outram v. Morewood,* 3 East, 346, the defendants were held estopped from averring title to a mine, in an action of trespass for digging out coal from it, because, in a previous action for a similar trespass, they had set up the same title, and it had been determined against them. In commenting upon a decision cited in that case, Lord Ellenborough, in his elaborate opinion, said: "It is not the recovery, but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel. The recovery of itself in an action of trespass is only a bar to the future recovery of damages for the same injury; but the estoppel precludes parties and privies from contending to the contrary of that point or matter of fact, which, having been once distinctly put in issue by them, or by those to whom they are privy in estate or law, has been on such issue joined solemnly found against them." Justice Clifford stated the rule as follows (94 U. S. at page 364 L. Ed. 195): "Where the parties and the cause of actions are the same, the prima facie presumption is that the questions presented for decision were

the same, unless it appears that the merits of the con-
troversy were not involved in the issue, the rule in
such a case being that where every objection urged in
the second suit was open to the party within the legiti-
mate scope of the pleadings in the first suit, and that
the whole defense might have been presented in that
trial, the matter must be considered as having passed in
rem judicatam, and the former judgment in such a case
is conclusive between the parties.—*Outram v. More-
wood,* 3 East, 358; *Greathead v. Broomley,* 7 Term, 452.
Except in special cases, the plea of res judicata applies
not only to points upon which the court was actually
required to form an opinion and pronounce judgment,
but to the subject of the issue, and which the parties,
exercising reasonable diligence, might have brought for-
ward at the time.—2 Taylor, Evid. § 1513. Other text-
writers of high authority substantially concur in that
view; as, for example, Mr. Greenleaf says that 'the
rule should apply only to that which was directly in
issue and not to everything which was incidentally
brought into controversy during the trial;' and the rea-
son given for that limitation is worthy of notice, which
is that the evidence must correspond with the allega-
tions, and be confined to the point in issue, and he re-
marks that it is only to the material allegations of one
party that the other can be called to answer, for to such
alone can testimony be regularly adduced, and upon
such an issue only is judgment to be rendered. Pursu-
ant to those suggestions, he states his conclusion as fol-
lows: 'A record therefore is not held conclusive as to
the truth of any allegations which were not material
nor traversable, but as to things material and traver-
sable it is conclusive and final.' Unless the court in
rendering the former judgment was called upon to de-
termine the merits, the judgment is never a complete

bar; and it is safe to add that if the trial went off on a technical defect, or because the debt was not yet due, or because the court had no jurisdiction, or because of a temporary disability of the plaintiff or the like, the judgment will be no bar to a future action.—1 Greenl. Evid. § 330.   *   *   *   The plea of res judicata applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.—*Henderson v. Henderson,* 3 Hare, Ch. 115; *Bagot v. Williams,* 3 B. & C. 241; *Roberts v. Heim,* 27 Ala. 678; *Safford v. Clark,* 2 Bing. 382; *Miller v. Covert,* 1 Wend. [N. Y.] 487.   When a fact has been once determined in the course of a judicial proceedings, say the Supreme Court of Massachusetts, and final judgment has been rendered in accordance therewith, it cannot be again litigated between the same parties without virtually impeaching the correctness of the former decision, which, from motives of public policy, the law does not permit to be done; and they proceed to say that the estoppel is not confined to the judgment, but extends to all facts involved in it, as necessary steps, or the groundwork upon which it must have been founded.—*Budlen v. Shannon,* 99 Mass. 203 [96 Am. Dec. 733] ; *Queen v. Hartington,* 4 El. & Bl. 794; *Gilbert v. Thompson,* 9 Cush. [Mass.] 349."

It will be seen that the only difference between the justices in that case was touching the application of the principles to the case under consideration. All the authorities seem to hold that a judgment or decree is a bar to other actions or suits in all cases where the matters put in issue in the first suit were the same as the

matters in issue in the second; that an adjudication by a competent tribunal, whether of law or of equity, whether state or federal, is conclusive, not only in the proceeding in which it is rendered, but in every other where the right or title is the same, although the cause of action may be different. Of course, the parties must be the same or privies to each other. Justice Field in the above case (94 U. S. 352, 24 L. Ed. 195; *Davis v. Brown*, 94 U. S. 428, 24 L. Ed. 204) points out with his usual clearness the uncertainty which has arisen as to the sufficiency of pleadings to set up res judicata and estoppel by judgment; that it was by confounding the operation of a judgment upon the demand involved in the action in which that judgment was rendered with its operation as an estoppel in another action between the same parties or their privies upon a different demand. He says: "So far as the demand involved in the action is concerned, the judgment has closed all controversy. Its validity is no longer open to contestation, whatever might have been said or proved at the trial for or against it. The judgment is not only conclusive as to what was actually determined respecting such demand, but as to every matter which might have been brought forward and determined respecting it." But, "when a judgment is offered in evidence in a subsequent action between the same parties upon a different demand, it operates as an estoppel only upon the matter actually at issue and determined in the original action; and such matter, when not disclosed by the pleadings, must be shown by extrinsic evidence."

For the reasons indicated, the judgment of the trial court must be reversed and the cause remanded.

Reversed and remanded. All the Justices concur, save DOWDELL, C. J., not sitting, and SAYRE, J., dissenting.

[Elmore, Quillian & Co. v. Henderson-M. Merc. Co.]

ON APPLICATION FOR REHEARING.

MAYFIELD, J.—We think the following authorities conclusively show the correctness of our holding that the allowance of plaintiffs' claim in the bankrupt court, and from which no appeal was taken, is an answer to the defendant's plea of ultra vires. Mr. Collier, in his work on Bankruptcy, p. 616, under the head of "Effect of proof and allowance," says: "Under the former law, a creditor who proved his claim could not proceed thereon in another court. This is not the law now. He can proceed, though he will usually be halted by a stay. He becomes, however, a party to the bankruptcy proceeding, with all that that condition implies. If his claim, voluntarily filed, is disallowed it is a bar to a suit against the bankrupt on the same cause of action in another jurisdiction." We have examined the authorities cited by Collier, and find that they support the conclusion.

In the case of *Sanford v. Sanford,* 58 N. Y. 68, 17 Am. Rep. 206, it is said: "When the bankrupt is seeking to prevent the establishment of a claim against himself, the assignee in the interest of the creditors may well be allowed to intervene in order to exclude claims which, if established, might be entitled to dividends; but in the latter case the bankrupt also certainly has an interest sufficient to entitle him to maintain an appeal. He may never obtain a discharge, and in that event erroneous judgment will be a charge upon him." Justice Caldwell, in *Hudson's Case,* 122 Fed. 233, 58 C. C. A. 597, says: "The plaintiff having voluntarily gone into the bankrupt court, and submitted itself to the jurisdiction of that court, and filed its claim against the bankrupt estate founded on the judgment here in suit, and that court having disallowed the claim and entered

[Clark v. Tunstall.]

judgment accordingly, and that judgment, remaining in full force and virtue, constitutes a complete bar to this action. It is not material upon what ground that court rested its judgment. It unquestionably had jurisdiction of the parties and the subject-matter, and, if either party conceived its judgment was for any reason erroneous, the remedy was by appeal, and not by a suit on the same cause of action in another jurisdiction against the bankrupt." It therefore appears that the judgment or decree allowing or disallowing a claim is binding upon both the creditor and the bankrupt, as either may appeal; but, if they do not appeal, it is conclusive.

Of course, if the bankrupt is ultimately discharged, neither the allowance in the bankrupt court, nor the judgment in the state court would be binding on him personally; but, if he should not be discharged, it would be binding upon him personally and upon his estate.