In re GIBBONS.

(District Court, W. D. Washington, N. D.    August 11, 1915.)

No. 4853.

1. BANKRUPTCY ⊕⟶100—ADJUDICATION—CONTEST—LACHES.

That the wife of a bankrupt has allowed three years to elapse since the adjudication of bankruptcy constitutes such laches as will preclude her from then contesting the allegations of insolvency in the petition upon which the adjudication was founded.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. ⊕⟶100.]

2. BANKRUPTCY ⊕⟶357—ADJUDICATION—JURY QUESTION.

Where the bankruptcy court which has exclusive jurisdiction has custody of the res, and a distribution of the fund is the only issue before the court, the status and amount of the indebtedness need not be submitted to a jury for determination.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 541–544; Dec. Dig. ⊕⟶357.]

In Bankruptcy. On order to show cause why the status and amount of the indebtedness should not be submitted to a jury. Order denied.

McClure & McClure, of Seattle, Wash., for trustee.

McCafferty & Robinson and Israel & Kohlhase, of Seattle, Wash., for Mary L. Gibbons.

Leopold M. Stern and J. W. Russell, both of Seattle, Wash., for petitioning creditors.

Clise & Poe, of Seattle, Wash., for Dexter Horton Bank.

NETERER, District Judge. On January 10, 1912, an involuntary petition in bankruptcy was filed against Pat Gibbons, and he was adjudged bankrupt on the 13th day of July of the same year. Such proceedings were had in the administration of the bankrupt estate that on the 24th of June, 1914, the trustee filed a petition, stating that the Seattle National Bank held $8,174.51, and declined to pay the said sum to the trustee for the reason that Mary L. Gibbons, wife of the bankrupt,

⊕⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

had made a claim to said money on account of it belonging to the community composed of Pat Gibbons and Mary L. Gibbons, and an order was obtained from the court, directing Mary L. Gibbons to appear and propound her claim to said money and to the further sum of $48,050 derived from the sale of certain coal lands. In response to this order, Mary L. Gibbons appeared and objected to the jurisdiction of the court, stating that the property was community property and that the court had no jurisdiction over any of the funds realized from the community property or the sale thereof. Her contention was denied by the referee, which holding was confirmed by this court. Appeal was made to the Circuit Court of Appeals. The Circuit Court affirmed the lower court, and used the following language:

"The real estate out of which the fund in controversy was realized was admittedly community property. The petitioner and the bankrupt had been married more than 29 years. The debts were incurred within that period. The status of the community property in the bankruptcy court and the rights of the members of the community in respect to the same are to be determined by the statutes and decisions of the state of Washington. Section 5918, Rem. & Bal. Code, gives the husband the management and control of the community real estate, and provides that all such community real estate shall be subject to liens of judgments recovered for community debts and to sale on execution issued thereon. By the decisions of the Supreme Court of that state it is well settled that, while all property acquired by the husband is prima facie community property, all debts incurred by him during the existence of the marriage relation are prima facie community debts. * * *

"In Thygeson v. Neufelder, 9 Wash. 455 [37 Pac. 672], it is held that a conveyance by a husband to an assignee for the benefit of the community operates as a transfer of the community property for the discharge of community obligations, and in Bimrose v. Matthews, 78 Wash. 38 [138 Pac. 319], it was held that a discharge of the husband in bankruptcy from the obligation of a community debt of necessity discharged also the wife, although she was not a party to the bankruptcy proceeding. The trustee, by operation of the bankruptcy act, became vested with the title of the bankrupt to all property which, prior to the filing of the petition against him, could have been sold under judicial process against him."

After the rendition of this decision by the Circuit Court of Appeals, a petition was filed by the trustee setting forth the fact that the estate was administered with the exception of the distribution of the funds, and "asks and prays that the matter of the administration and distribution of said funds be set for hearing in due course, and that a creditors' meeting be called to be held as required by law, and that the court adjudge and decree that the said Mary L. Gibbons has no claim in and to the said moneys or said funds or any part thereof." Upon the presentation of the petition, it was ordered by the court that Mary L. Gibbons, wife of Pat Gibbons, bankrupt, be required to appear before the referee in bankruptcy at a time and place stated, and show cause, if any she has, why an order should not be made and entered adjudging and decreeing that she has no right, title, claim, or interest to the sum of $8,174.51, rentals, or to the further sum of $48,050, derived from the sale of the coal property, and that, upon failure, she would be barred of all right, title, claim, or interest in and to any of the said property. Thereupon Mary L. Gibbons responded, objecting to the jurisdiction of the court "for the purpose of preserving her rights in those particulars, notwithstanding the decision of the Circuit

Court of Appeals," and denying on information and belief with relation to the funds in the possession of the bank, and then specifically denying that Pat Gibbons was the owner of the coal property, but alleging that the said property was community property, and that all indebtedness filed against the estate was the individual indebtedness of Pat Gibbons and others, and not community indebtedness; denying that Pat Gibbons, or the community composed of herself and Pat Gibbons, was bankrupt; and praying that the issue with relation to the indebtedness be determined by jury trial. And thereafter, on July 20, 1915, Mary L. Gibbons filed a paper denominated an answer to the petition in involuntary bankruptcy filed against Gibbons, in which she denies that Pat Gibbons, or the community composed of Pat. Gibbons and Mary L. Gibbons, was, at the time of the filing of the petition, or at any other subsequent time, insolvent; denies that any act of bankruptcy was committed by Pat Gibbons while insolvent; and "demands and prays that the issue created herein as to the insolvency of Pat Gibbons, and the insolvency of the community composed of Pat Gibbons and Mary L. Gibbons, be submitted and tried out by jury, under the rules of this honorable court, and the acts of bankruptcy of Congress of 1898, and the amendments thereto." On the filing of this answer, supported by affidavit on behalf of Mary L. Gibbons, supporting a motion therefor, an order to show cause was issued, directing that the petitioning creditors show cause, at a day named, why an order should not be granted submitting to a jury trial the matters and issues of the said Mary L. Gibbons with relation to the petition of involuntary bankruptcy and the answer of Mary L. Gibbons as to the right, title, claim, and interest to the moneys or properties in the hands of the trustee.

Counsel have fully argued the matter before the court, it being contended by counsel for Mary L. Gibbons that this is the first opportunity she has had to meet the allegations of insolvency in the petition against Pat Gibbons; that she, being a member of the community of Pat Gibbons and wife, has a right to have that issue presented to a jury; that under section 19 of the Bankruptcy Act she is granted the right of a jury trial, upon demand; and that such right has not been lost to her, and cites Elliott & Co. v. Toeppner, 187 U. S. 327, 23 Sup. Ct. 133, 47 L. Ed. 200.

[1, 2] I think that the contentions of Mary L. Gibbons now made have been disposed of by this court by decision, not published, filed herein on the 28th day of August, 1914, which was confirmed by the Circuit Court of Appeals, in which the language above quoted was used. I also think that Mrs. Gibbons is guilty of such laches as would preclude her being heard now. Black on Bankruptcy, § 184; In re Urban & Suburban R. T. Co. (D. C.) 132 Fed. 140; Collier on Bankruptcy (10th Ed.) pp. 434, 435. Mary L. Gibbons has no right now to appear in court and contest the petition against Pat Gibbons upon which adjudication was made more than three years ago. Nor do I think that she is entitled to a trial by jury in determining the status and amount of the indebtedness. The only jury trial provided by the Bankruptcy Act is to determine the issue of insolvency and act of bankruptcy. Section 19, Bankruptcy Act. If entitled to a jury trial,

the right must be predicated on a right obtained from some other provision of law. None has been cited, nor do I know of any other provision. Section 711, U. S. Comp. Stat. 1901, p. 577, declares that the jurisdiction of the United States courts shall be exclusive in all matters and proceedings in bankruptcy, which means the marshaling and distribution of the assets, the discharge of the bankrupt from his debts, and such like powers.

A bankruptcy proceeding has been compared to an equitable attachment (In re Hinds, 12 Fed. Cas. 202) with respect to the purposes and effect upon the debtor's property (Farmers' Loan & Trust Co. v. Baker, 20 Misc. Rep. 387, 46 N. Y. Supp. 266, at page 273; F. L. & T. Co. v. M. E. & M. Works, 35 Minn. 543, 29 N. W. 349). It has been held to be a proceeding in rem in which the parties interested in the res are before the court (S. L. & T. Co. v. Benbow [D. C.] 96 Fed. 514–528), and any adjudication made in the allowance or disallowance of a claim is res adjudicata in a proceeding on such claim in another jurisdiction (Hargadine v. Hudson, 122 Fed. 232, 58 C. C. A. 596; Elmore v. Henderson, 179 Ala. 548, 60 South. 820, 43 L. R. A. [N. S.] 950; U. S. Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 Sup. Ct. 620, 56 L. Ed. 1055). In the latter case, the court said:

"We think it is a necessary conclusion from these and other provisions of the act that the jurisdiction of the bankruptcy courts in all 'proceedings in bankruptcy' is intended to be exclusive of all other courts, and that such proceedings include many others, and all matters of administration, such as the allowance, rejection, and reconsideration of claims, the reduction of the estates to money and its distribution, the determination of the preferences and priorities to be accorded to claims presented for allowance and payment in regular course, and the supervision and control of the trustees and others who are employed to assist them."

The bankruptcy court having exclusive jurisdiction, and having custody of the res, and the distribution of the fund being the only issue before the court, there is no question, under the bankruptcy act or other law, to be submitted to a jury for determination.

The demand for jury trial is denied, and the matter referred to the referee for distribution of the funds of the estate in accordance with the rights as they may be established.