142 So. 49

## BLANKS v. WEST POINT WHOLESALE GROCERY CO.

### 5 Div. 105.

Supreme Court of Alabama.

May 26, 1932.

W. Howell Morrow, of West Point, Ga., and Denson & Denson, of Opelika, for appellee.

C. E. Fuller, and Strother & Fuller, all of LaFayette, for appellant.

## KNIGHT, J.

It appears from the record in this cause that appellant was, prior to the commencement of the proceedings in this cause, on his petition duly adjudged a bankrupt in and by the United States District Court for the Eastern Division of the Middle District of Alabama, and that the administration of his estate is pending in that court.

It further appears that on April 14, 1924, appellant executed to appellee his promissory note for $2,486.15, payable one day after date; that in and by said note appellant waived his right to personal property exemptions as against the collection of the debt evidenced by said note. It is further made to appear that, after the appellant was adjudged a bankrupt, the appellee duly filed its proof of debt or claim in said court. Thereafter the said court allowed said claim, ascertaining and fixing the amount due appellee at $3,-447.15. This judgment of said court was not appealed from, nor has it ever been reviewed, but remains, as averred in the complaint, unrevised, and is, so far as is disclosed to the contrary, a final adjudication of said court upon said claim.

After the rendition of said judgment allowing said claim, upon the sworn petition of the West Point Wholesale Grocery Company, appellee here, the said court made and entered the following order in said cause:

"West Point Wholesale Grocery Company, petitioner, having this day presented its sworn petition averring that the bankrupt is indebted to it by promissory note containing waiver of exemption, executed July 14, 1924, in the principal amount of $2486.15, payable one day after date, upon which payment of $117.50 has been made; and it further appearing that the said claim of the petitioner has been allowed on said note in this matter in the amount of $3447.15; and petitioner having prayed in its petition that payment of the exemptions heretofore set apart to the bankrupt in money be withheld and that it be given permission to proceed in said state court to establish the waiver of exemptions contained in said note; and it appearing to the court that petitioner is entitled to the relief prayed for:

"It is ordered that the trustee be, and he is hereby directed to withhold the payment of the amount set apart to the bankrupt as exempt to him pending the proceedings in the state court on said note by petitioner, and that permission is hereby granted to petitioner to file its suit in the state court on said note against said bankrupt for the purpose of establishing the waiver of exemptions contained in such note, and take such other proceedings as may appear necessary for the establishment of said waiver and the enforcement of the rights of petitioner in the premises."

This order was made on the 25th day of June, 1930. Thereafter, on the 23d day of July, 1930, the appellee filed this suit in the circuit court of Chambers county against the appellant on said note, and in the complaint averred that in said note defendant waived his right to personal property exemption. The plaintiff, in said suit, stated his cause of action in two counts. To this suit the defendant therein, appellant, filed pleas 1 and 2. The first plea we may treat as a plea of the general issue, though not in proper technical form a plea of the general issue in such an action. The second plea was one of payment, alleging that he (defendant) "has paid the debt (or demand), for the recovery of which this suit was brought, before the action was commenced." This plea is in the form prescribed by the Code, § 9532, form 38.

After these pleas were filed, the plaintiff amended his complaint by striking both counts of the original complaint, and by inserting in lieu thereof counts A and B. Count A claims no amount of money of the defendant, and is but a recital of the execution of the above-mentioned note, the adjudication of the bankruptcy of the defendant, the filing of proof of the debt in the court of bankruptcy, and the allowance of the same in the sum of $3,447.15, and the permission given the plaintiff to proceed in the state court and file its suit on said note and to take such other proceedings as might be necessary to establish and enforce its rights; and ends with this averment: "Wherefore plaintiff brings this suit."

Count A is in no proper sense a complaint. Not so, however, with count B. This count sets forth a proper complaint upon the promissory note, with the following additional averments: "And plaintiff avers that on March 25, 1930, the defendant, on his petition filed in the District Court of the United States for the Middle District of Alabama, Eastern Division, was in and by said court adjudged a bankrupt a certified copy of said adjudication is hereto attached marked exhibit A and

made a part of this count, that thereafter plaintiff filed its proof of debt or claim on said note in said court, a certified copy of which is hereto attached marked exhibit B and made a part of this count; that thereafter and on April 22, 1930, the said court rendered a judgment, which is unrevised, allowing plaintiff's said claim in the amount of $3447.15 a certified copy of said judgment is hereto attached marked exhibit C and made a part of this count; that thereafter plaintiff secured permission of said court to proceed on said note in the state court by its order dated June 25, 1930, a certified copy of which is hereto attached and marked exhibit D and made a part hereof, hence this suit."

The defendant moved the court to "strike from the file and from the records in said cause plaintiff's amendment to the complaint," assigning a number of grounds, one of the grounds being that the amendment was an entire departure from the complaint as originally filed in said cause; the other grounds being that the complaint seeks to have the court determine merely the question as to whether the defendant waived, in writing, his right to claim personal property exemptions, "without determining or deciding whether or not the defendant is indebted to the plaintiff on, or by means of said alleged note," and without giving defendant "an opportunity to have determined and adjudicated the questions as to whether or not he owes the plaintiff anything, or is indebted to plaintiff in any sum on said alleged promissory note." There are other grounds set forth in the motion which we deem unnecessary to mention. The motion is directed against the entire amendment, not against each count separately. Had a proper motion been made to strike count A, it may be (though it is not decided) that it should have been sustained, as that count is not a complaint, but a recital of facts, and claims or prays for no relief or recovery against the defendant.

■■ Count B sufficiently states a cause of action against defendant, and was not a departure from the cause of action set forth in the original complaint. The said amendment refers to the same transaction and between the same parties as the original complaint, and therefore, under the provisions of section 9513 of the Code, the court properly allowed the amendment to be made. Gambill v. Fox Typewriter Co., 190 Ala. 36, 66 So. 655; Nashville, etc., R. v. Abramson-Boone Produce Co., 199 Ala. 271, 74 So. 350; Gaines v. B. R., L. & P. Co., 164 Ala. 6, 51 So. 238; Crawford v. Mills, 202 Ala. 62, 79 So. 456; Owensboro Wagon Co. v. Hall, 149 Ala. 210, 43 So. 71.

■ If the defendant conceived that any one of the counts of the complaint was defective, he should have raised the question by demurrer, not by motion to strike. The rule stated in the case of Brooks v. Continental Ins. Co., 125 Ala. 618, 29 So. 13, 14, has been adhered to by this court, and in the Brooks Case this rule is thus stated: "That where a pleading, though not frivolous, unnecessarily prolix, or irrelevant, is supposed to be substantially defective, as where the facts alleged do not constitute a cause of action or defense, the objection must be raised by demurrer." Sledge v. Swift, 53 Ala. 114; Brooks v. Continental Ins. Co., supra; Powell v. Crawford, 110 Ala. 294, 18 So. 302; Lindsay v. Morris, 100 Ala. 550, 13 So. 619; Wefel v. Stillman, 151 Ala. 249, 44 So. 203. The defendant did not test the sufficiency of either of the counts by demurrer.

To the complaint, the defendant filed pleas 2, 3, and 4, in addition to the general issue. While plea 2 was filed before the complaint was amended, yet the parties and the court treated the same as filed to the complaint as amended, and we shall here so regard and treat the plea.

It is insisted by the appellant that the order made by the referee in bankruptcy allowing plaintiff's claim, as represented by the note, was in no proper sense a judgment of the court against the defendant, but rather a direction that the plaintiff creditor should be allowed to participate in the distribution of the general assets of the bankrupt's estate, over which the court acquired jurisdiction. The appellant's contention is that the court of bankruptcy has jurisdiction to determine the merits of a bankrupt's claim to exemptions, but, as a rule, has no jurisdiction over the property claimed, except to set it aside for his use and cannot order its sale, or enforce a mortgage against it.

Appellant further insists that he was not given an opportunity to litigate with the appellee in the court of bankruptcy over its claim, and that to hold that the adjudication there made allowing the claim of appellee was res judicata would be, in legal effect, to deny this appellant his day in court, and that he should be allowed in the state court, to which appellee has applied for the establishment of the waiver of exemption feature of its demand, to show that he was not indebted to appellee, and that therefore there was no consideration to support the waiver.

Was the allowance of appellee's claim or demand, in the sum of $3,447.15, by the District Court of the United States, final and conclusive as against this appellant? The determination of that question is essential to a proper decision on this appeal.

In the case of Hargadine McKittrick Dry Goods Co. v. Hudson et al. (C. C. A.) 122 F. 232, 233, it is held in an opinion by Caldwell, Circuit Judge: "The plaintiff having voluntarily gone into the bankrupt court, and submitted itself to the jurisdiction of that court, and filed its claim against the bankrupt's estate founded on the judgment here in suit,

and that court having disallowed the claim and entered judgment accordingly, and that judgment remaining in full force and virtue constitutes a complete bar to this action. It is not material upon what ground that court rested its judgment. It unquestionably had jurisdiction of the parties and the subject-matter, and, if either party conceived its judgment was for any reason erroneous, the remedy was by appeal, and not by a suit on the same cause of action in another jurisdiction against the bankrupt."

In Collier on Bankruptcy (10th Ed.) p. 590, it is said with regard to the jurisdiction of referees in bankruptcy: "A referee is a judicial officer, and all his acts are presumed to be legal within the scope of his authority. The findings of referees acting within their jurisdiction are entitled to the respect given officers acting judicially and such findings are conclusive upon state courts."

And again, on page 695, the same author says: "The determination of a referee as to the allowance or disallowance of a claim presented at such a meeting is a judicial act, which cannot be reviewed, revised, or reversed by a state court." McCulloch v. Davenport Savings Bank [D. C.] 226 F. 309.

As presently pertinent to the question now under consideration, we quote from the decision in the case of In re Gibbons (D. C.) 225 F. 420, 423, as follows:

"A bankruptcy proceeding has been compared to an equitable attachment (In re Hinds, 12 Fed. Cas. 202 [No. 6516]) with respect to the purposes and effect upon the debtor's property (Farmers' Loan & Trust Co. v. Baker, 20 Misc. Rep. 387, 46 N. Y. S. 266, at page 273; F. L. & T. Co. v. M. E. & M. Works, 35 Minn. 543, 29 N. W. 349). It has been held to be a proceeding in rem in which the parties interested in the res are before the court (S. L. & T. Co. v. Benbow [D. C.] 96 F. 514–528), and any adjudication made in the allowance or disallowance of a claim is res adjudicata in a proceeding on such claim in another jurisdiction (Hargadine v. Hudson, 122 F. 232, 58 C. C. A. 596; Elmore v. Henderson, 179 Ala. 548, 60 So. 820, 43 L. R. A. (N. S.) 950; U. S. Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 S. Ct. 620, 56 L. Ed. 1055). In the latter case, the court said:

"'We think it is a necessary conclusion from these and other provisions of the act that the jurisdiction of the bankruptcy courts in all "proceedings in bankruptcy" is intended to be exclusive of all other courts, and that such proceedings include many others, and all matters of administration, such as the allowance, rejection, and reconsideration of claims, the reduction of the estates to money and its distribution, the determination of the preferences and priorities to be accorded to claims presented for allowance and payment in regular course, and the supervision and control of the trustees and others who are employed to assist them.'"

The court in Elmore, Quillian & Co. v. Henderson-Mizell Mercantile Co., 179 Ala. 548, 60 So. 820, 822, 43 L. R. A. (N. S.) 950, is an authority directly in point in the present case, and it was cited by Judge Neterer, district judge, approvingly in the case of In re Gibbons, supra. In the Elmore, Quillian & Co. Case, supra, suit was brought by Elmore, Quillian & Co. against Henderson-Mizell Mercantile Company for breach of a contract wherein Henderson-Mizell Mercantile Company agreed to sell and deliver to Elmore, Quillian & Co. three hundred bales of cotton. In the circuit court the defendant sought to avoid liability upon the ground that the contract was ultra vires the power of the corporation. The defendant set up this defense by two special pleas. The court overruled demurrer to these pleas. The plaintiff filed to these pleas a replication of res judicata, which replication showed by matter of record that the question attempted to be raised by the pleas had been finally determined and adjudicated between these parties. This replication, in effect, alleged that, after suit brought, the defendant had been adjudged a bankrupt, and that the claim sued on was filed in the bankrupt court as a claim against the bankrupt estate; and, after a full hearing, the claim was allowed by the bankrupt court, and that the judgment or decree of allowance stood unreversed. A copy of the proceedings in the bankrupt court, properly certified, is made an exhibit to the replication. The court in that case held that the replication presented a complete answer to any defense attempted to be set up in the pleas, and that the court erred in sustaining the demurrer thereto. In Elmore, Quillian & Co. Case, supra, Justice Mayfield quotes approvingly the following excerpt from the case of Sanford v. Sanford, 58 N. Y. 68, 17 Am. Rep. 206: "When the bankrupt is seeking to prevent the establishment of a claim against himself, the assignee in the interest of the creditors may well be allowed to intervene in order to exclude claims which, if established, might be entitled to dividends; but in the latter case the bankrupt also certainly has an interest sufficient to entitle him to maintain an appeal. He may never obtain a discharge, and in that event erroneous judgment will be a charge upon him." The quotation from the opinion of Justice Caldwell, in Hudson's Case, supra, heretofore recorded in this opinion, is quoted approvingly by Justice Mayfield, and this opinion by Justice Mayfield concludes: "It therefore appears that the judgment or decree allowing or disallowing a claim is binding upon both the creditor and the bankrupt, as either may appeal; but, if they do not appeal, it is conclusive."

■ It therefore follows that the allowance of appellee's claim by the referee in bank-

ruptcy was a final and conclusive adjudication of the indebtedness, and the amount thereof, of the appellant to appellee at the time of the rendition of the judgment and decree entered on appellee's claim by the referee in bankruptcy, and the same remaining unrevised, and unreversed, at the time of the institution of the suit in this cause, was res judicata of all matters necessarily involved in that suit. This being true, and the appellee having filed the present suit upon said note by and with the permission of the court of bankruptcy to establish and make available the waiver of exemption feature of said note, but two defenses are now open to defendant in that suit. They are: (1) That defendant had not in fact waived his exemptions, as claimed and averred in the complaint; and (2) that, since the adjudication in the bankruptcy court upon said note, the defendant has paid the debt sued on. No evidence, of course, of any payment antedating the time of the rendition of the judgment by the referee would be permissible.

It is obvious, therefore, that under the foregoing principles of law defendant's pleas 3 and 4, which appear in the report of the case, presented issues concluded against the defendant by the adjudication of the court of bankruptcy in allowing plaintiff's claim. These pleas were therefore subject to the demurrer interposed to them, and in sustaining the same the circuit court committed no error.

Plea 2 alleges that the defendant had paid the debt or demand, for the recovery of which this suit was brought, before the action was commenced. The plea is in the form prescribed for plea of payment. The plaintiff demurred to this plea upon a number of grounds, among them, the ground that the plea fails to aver "that payment was made after the judgment of the court set out in the complaint dated April 22, 1930," and that the plea "seeks to review or revise the order and judgment of the referee in bankruptcy allowing plaintiff's claim."

We think plea 2 is subject to the grounds of demurrer directed to it. Inasmuch as it is a plea of payment filed to a suit on a cause of action that had been reduced to a judgment, in a court of competent jurisdiction, the plea should have averred that the payment relied upon was made subsequent to the rendition of the judgment. Ordinarily, of course, the plea of payment in Code form (as this plea was) is sufficient.

The appeal is here on the record, and without a bill of exceptions, and, as no errors appear upon the record, the judgment of the circuit court will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.